IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*v.*<br><br>**TIFFANY BROWN** | Criminal Action No.<br><br>1:22-cr-00359-TWT-JEM |

**United States' Notice of Intent to use Evidence
under Fed. R. Evid. 404(b)**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Jessica C. Morris and Alex R. Sistla, Assistant United States Attorneys for the Northern District of Georgia, files this Notice of Intent to Use Evidence Under Fed. R. Evid. 404(b).

The government believes the evidence discussed herein is admissible as direct evidence of the charged conduct and/or evidence "inextricably intertwined with the evidence regarding the charged offense[s]." *United States v. Ramsdale*, 61 F.3d 825, 869 (11th Cir. 1995); *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) (emphasis added)( "[e]vidence[,] not part of the crime[s] charged but pertaining to the chain of events explaining the context, motive and set-up of the crime[s] is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the crime from the jury.").  However, if the evidence is not otherwise admissible, its admission will be sought under Federal Rule 404(b) and the government reserves the right to present said evidence during its case-in chief, in cross-examination, and in rebuttal.

1

## Background

Defendant Tiffany Brown is charged in a 32-count Superseding Indictment encompassing two fraud schemes. (Doc. 61). The first scheme involves Brown's scheme to defraud FEMA in the context of a contract to provide self-heating meals to the victims of Hurricane Maria in the fall of 2017; the second scheme, which unfolded from March 2019 to February 2020, involves Brown's manufacturing of a settlement agreement with Total Quality Logistics, LLC ("TQL") for the purpose of obtaining loans from the Legal Funding Group of Georgia, LLC ("LFG"). The government's more expansive summary of the Superseding Indictment and charged schemes is set forth in a previous pleading and is incorporated by reference herein. (Doc. 70).

Federal Rule of Evidence 404(b), which governs the admissibility at trial of evidence of other crimes, wrongs, or acts, provides that:

> Evidence of a crime, wrong, or other act . . . . may be admissible for . . . proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). Rule 404(b) evidence is admissible at trial if: (1) the evidence is relevant to an issue other than the defendant's character; (2) the act is established by sufficient proof to permit the jury to conclude that the defendant committed the act; and (3) the probative value of the evidence is not substantially outweighed by the risk of undue prejudice. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

Under this test, as explained further below, the proffered evidence should be admissible at trial. First, by pleading not guilty, Brown has placed her

knowledge and intent at issue, and the evidence outlined below is relevant to Brown's intent, plan, knowledge, absence of mistake, and lack of accident. *United States v. Colston*, No. 19-13518, 2021 U.S. App. LEXIS 20696, at *27 (11th Cir. Jul. 13, 2021) (stating that by pleading "not guilty, . . . intent [i]s a material issue at the trial"); *see* Fed. R. Evid. 404(b)(2); *cf. United States v. Hooshmand*, 931 F.2d 725, 736 (11th Cir. 1991) (noting that extrinsic act evidence is relevant when government has to prove intent and "show a defendant's ability and experience to execute a fraudulent scheme"). Second, as described below, the proffered evidence is supported by discrete documentary evidence and/or testimony. Third, with respect to each piece of proposed evidence, the probative nature of the evidence is not outweighed by a risk of unfair prejudice; the proposed evidence while highly relevant, is discrete and does not, by its nature, risk provoking unfair prejudice.

## Proposed Other Crimes, Wrongs or Acts

Below is the evidence and testimony the government believes is admissible as "intrinsic evidence," but may be alternatively admissible under Federal Rule of Evidence 404(b)(2).

**1. Evidence Related to the Submission of Falsified Documents**

   **a. Allegations in Indictment.**

The indictment alleges, or alludes to, several instances in which Brown falsified or forged documents in furtherance of the two charged fraud schemes. The lynchpin of her scheme to defraud Legal Funding Group was a purported settlement with TQL, a freight broker that provided services to her during her

3

short-lived FEMA contract. In furtherance of this scheme, among other things, Brown,

- altered emails from TQL's Chief Legal Officer to include references to a settlement, when his actual communications included no such reference (Doc. 61 ¶¶ 61-63); and
- sent settlement agreements, purported to be from TQL, to her attorney, in draft form and bearing the forged signature of TQL's CEO (Doc. 61 ¶¶ 66, 69).

In furtherance of her scheme to defraud FEMA, which began with her submission of a quote and technical proposal laden with misrepresentations and continued through her post-termination submission of falsified invoices for reimbursement, Brown also altered documents and created fake documents. For example, direct evidence of this fraud scheme at trial will include the following:

- Brown emailed FEMA's contracting officers photos of self-heating meals from Actions Meals, a Canadian company, purporting to show their expiration dates, however the expiration date on the image is visibly manipulated (Doc. 61 ¶ 29; *see also* Email from Brown to contracting officer attaching photos, attached as **Gov. Exh. 1, at 5**); and
- In order to disguise the non-conforming nature of the meals she procured from Breedlove, Brown directed her point of contact at TQL, with respect to Breedlove's bill of lading, that TQL's drivers should "take it but then throw it away" because her bill of lading was the "one they needed to use"; Brown further advised that TQL's drivers should not "share the one" she provided (Doc. 61 ¶ 48).

These are merely examples of the fraudulent documents or forgeries directly referenced in, or alluded to, in the Superseding Indictment.

### b. Additional evidence of Brown's submission of falsified documents

The following additional evidence touches on allegations in the indictment but is arguably characterized as "other bad act" evidence subject to analysis under Rule 404(b).

#### i. GPO-Related Evidence

When Brown obtained the FEMA meals contract, she misrepresented the fact that she was ineligible to obtain contracts from another federal agency, namely the Government Publishing Office. ("GPO") (*See* Doc. 61 ¶¶ 14, 22, 23 and 25). The government will offer GPO's Notice of Debarment, dated January 8, 2016, as evidence of this fact at trial. (GPO Notice of Debarment, attached as **Gov. Exh. 2**). This is aspect of the GPO evidence is charged conduct.

Pursuant to Rule 404(b), the government also seeks to offer evidence that Brown's GPO debarment was precipitated, in part, by her submission of an altered shipping document to GPO in 2014. (*See* GPO-OIG S&D Referral, attached as **Gov. Exh. 3**). At trial, the government will offer testimony from former GPO-OIA Special Agent Nancy Birnbaum regarding the alteration of the FedEx shipping label submitted by Brown to reflect delivery on October 30, 2014, when in fact, the actual shipping document reflected delivery on October 31, 2014. (*See* **Gov. Exh. 3** at 3, summarizing findings, and 6-11, altered and original FedEx documents). Per the contract, Brown (d/b/a Tribute Contracting, LLC) was required to deliver the procured items by October 30, 2014. (GPO Jacket No.

747-595, attached as **Gov. Exh. 4**, at 2). Timely delivery, backed by documentation from the shipper, was essential to the contract.

### ii. Alteration of Bank Records Submitted to FEMA

Brown's communications with, and submissions to, FEMA are described throughout the Superseding Indictment and underlie much of the charged conduct. Even after Brown received formal notice of FEMA's termination of the meals contract on October 23, 2019, Brown continued, through counsel, to make false submissions throughout the post-termination litigation. Two such submissions related to heater bags that Brown claimed to have purchased, supported by a $72,0000 invoice from a China-based vendor (Hong Qiang) and multiple fraudulent invoices from Modus Epicurus. (Doc. 61 ¶ 57).

In addition to these post-termination submissions, pursuant to Rule 404(b), the government also seeks to offer evidence that Brown submitted altered bank documents to FEMA.

Attempting to mitigate the consequences of termination by alleging that she would suffer a hardship due to her financial support of her elderly parents, Brown submitted bank statements to FEMA corresponding to a Well Fargo checking account ending in -8715, a trust account bearing her father's name and her name. (*See* FEMA Notice of Decision, dated Nov. 5, 2019, attached as **Gov. Exh. 6**, at 11). Brown redacted her own name—in white—in an apparent attempt to hide from FEMA that she was on the account.[1] The listed address on the

---

[1] The referenced bank records will be emailed directly to counsel for defendant and provided to the Court, if necessary, to resolve any disputes regarding their admissibility.

6

January 2018 bank statement—a P.O. Box in McDonough, Georgia—was also listed as a mailing address for "Chuck E. Jones" on the articles of incorporation for Modus Epicurus, field on February 16, 2017.

At trial, the government will offer the altered bank statements through a FEMA attorney involved in the debarment litigation. The actual account statements for the Wells Fargo account in question are already part of the government's direct evidence relevant to the LFG scheme.[2] (*See* Doc. 61, ¶ 66).

### iii. *Admissibility of Additional Evidence Regarding Forged Documents Pursuant to Rule 404(b).*

At trial, the government intends to offer the GPO evidence regarding a falsified shipping label and the altered bank statements as evidence of Brown's intent, knowledge, absence of mistake, lack of accident, and modus operandi with respect to her submission of other manipulated documents for the purpose of concealing—or creating—critical information. *See, e.g.*, *United States v. Kitterman*, 618 F. App'x 963, 967 (11th Cir. 2015) (evidence that defendant "previously engaged in deceptive acts . . . makes it less likely that she engaged in the charged offenses by mistake"); *United States v. Hernandez*, 626 F. App'x 900, 906 (11th Cir. 2015) ("evidence showing a similar modus operandi employed against another victim [that] is not inextricably intertwined with the charges . . . is classic Rule 404(b) evidence of other bad acts") (citing *United States v. Miller*, 959 F.2d 1535, 1538-39 (11th Cir. 1992)).

---

[2] Substantial proceeds from the March 5, 2019 purchase agreement passed through the -8715 Wells Fargo trust account that Brown held with her father. Specifically, in March alone, Brown transferred funds from the LFG loan to the -8715 trust account as follows: $65,000 on March 6, 2019; and $50,000 and $240,000, respectively, on March 8, 2019.

Changing the delivery date on GPO's FedEx packing slip by one day was necessary to show timely delivery to trigger payment. Brown's purpose for making this change—an appearance of compliance with the contract terms to motivate payment—was the same with respect to her manipulation of the Actions Meals photo to reflect a certain expiration date or the alteration of a bill of lading to falsely reflect that a delivery contained conforming goods. *See Ellisor*, 522 F.3d at 1268 (noting "striking" nature of similarities when assessing probative value of 404(b) evidence).

Brown's motivation for removing her name from the Wells Fargo account are more convoluted, but at its core, electronically redacting select information—in white nonetheless—demonstrates her technical abilities to manipulate electronic documents, a skillset she used in advance of both schemes. *See United States v. Garcia*, 880 F.2d 1277, 1278 (11th Cir. 1989) (evidence of prior forgery admissible under Rule 404(b) because it demonstrated the defendant's ability to prepare false documents and was relevant to charge of making a false statement).

In both cases, the proffered 404(b) evidence is discrete, highly probative of the offered purposes, and no more egregious than the charged fraud, such that the risk of undue prejudice does not outweigh its relevance. *Ellisor*, 522 F.3d at 1267.

**2. Evidence Related to Brown's Control of Modus Epicurus**

The superseding indictment alleges that Brown controlled Modus Epicurus, despite her efforts in 2017, and thereafter, to present it as an entity with which she had an arms-length business relationship. (*See* Doc. 61, ¶ 10, explaining that Tribute and Modus Epicurus had the same unique pin number in SAM, the

government contracting system). She twice provided Modus Epicurus as a credit reference to transportation brokers in the context of the Maria meals contract, (*id.* ¶¶ 36, 38), and she submitted false invoices to FEMA claiming that she purchased heater bags from Modus Epicurus. (*Id.* ¶¶ 57(b)).

Brown's own historical statements will be offered to establish her connection to Modus Epicurus and are admissible as admissions of a party opponent. Fed. R. Evid. 801(d)(2). The government asserts that this evidence is direct evidence of her ownership of Modus Epicurus, or, in the alternative, is inextricably intertwined with Brown's charged misrepresentations about Modus Epicurus. Because this evidence is arguably extrinsic to the allegations in the indictment, the government provides notice pursuant to Rule 404(b), out of an abundance of caution, of its plan to introduce these historical statements.[3] Specifically, the government provides notice with respect to its intent to offer the following evidence:

- Emails containing Brown's own representations regarding her control over, and connection to, Modus Epicurus:
    a. In the fall of 2015, Brown exchanged emails with a contracting officer with the Defense Logistics Agency (DLA) regarding her desire to assign her claims in connection with a government contract to a financing company. In the email thread, Brown has two different email signatures: one for Tribute Contracting,

---

[3] The government reserves the right to introduce additional evidence relating to Brown's control over Modus Epicurus.

listing her as "Owner" and one for Modus Epicurus.  (*See* 2015 Tribute/Modus Email, attached as **Gov. Exh. 6**).

b. Similarly, on September 30, 2015, Brown wrote to military government contracting personnel: "My name is Tiffany Brown and I am the owner of Modus Epicurus. We are going to finance your invoice in order to provide you optimal service. You should hear from Jean Galano from PF Funding. I would appreciate if you could sign off quickly."  (*See* September 2015 Modus Email, **attached as Gov. Exh. 7**).

c. On December 20, 2016, Brown wrote to an Army investigator, with respect to a contract for laptop carts, "I am co-owner of Modus Epicurus with Brad Green. I was in charge of the billing per instruction of Brad Green."   She also stated, "Modus Epicurus is dormant and is not doing any additional bids."  (*See* Dec. 2016 Modus Email, attached as **Gov. Exh. 8).**

- Brown was interviewed, in February 2017, by military procurement investigators regarding the laptop-cart contract, referenced above. She made statements regarding her connection to Modus Epicurus and her relationship with "Brad Green."  One of the agents involved in the interview will testify regarding Brown's statements.  (*See* Feb. 2017 CID Report, attached as **Gov. Exh. 9**).

- On or about March 15, 2016, Tiffany Brown signed a Cure Notice in connection with an Army contract issued to Modus Epicurus to supply 400 bunk beds. (*See* March 2015 Cure Notice, attached as **Gov. Exh. 10**).

The government intends to introduce the Cure Notice to demonstrate her control over Modus Epicurus.

### 3. Evidence Related to Additional Contracts Terminated for Default

The Superseding Indictment alleges Brown submitted false government contractor certifications with her FEMA proposal, in part, because two of her contracts had been terminated for default in the three-year period preceding her proposal, namely BOP contracts terminated in May and July 2014. (Doc. 61, ¶ 23). Pursuant to Rule 404(b), the government also seeks to admit limited testimony regarding the termination of three other contracts for default during th relevant time period:

- *GPO Contract*: On or about November 4, 2014, Brown was terminated for default in connection with a contract to supply the Marine Corps with tote bags. Brown appealed the GPO termination to the Contract Appeals Board, which affirmed the agency's decision in a written opinion, dated July 22, 2015. (CAB Order, attached as **Gov. Exh. 11**).
- *Additional BOP Contract*: The government also seeks to admit evidence that Brown was terminated for default for an additional BOP contract on or about April 3, 2014. A single witness, formerly a DOJ-OIG investigator, will serve as the government's witness for the purpose of introducing, and contextualizing, the BOP terminations in 2014.
- *Army Contract (Ft. Bliss)*: Finally, the Cure Notice, described above, is also relevant to her knowledge that her certifications were false. The Cure Notice makes clear that Brown, d/b/a Modus Epicurus, was "in default" on the Army bunk bed contract, and that "failure to provide

11

>  400 bunk beds meeting the specifications offered as grounds for terminating your contract for default." (*See* **Gov. Exh. 10**).

The evidence regarding these three additional contracts will be limited to the fact of the termination for default and will be presented together with the evidence referred to in the Superseding Indictment.[4]

>  Respectfully submitted,
>
>  RYAN K. BUCHANAN
>    *United States Attorney*
>
>
>  /s/JESSICA MORRIS
>    *Assistant United States Attorney*
>  Georgia Bar No. 100907
>  Jessica.Morris3@usdoj.gov
>
>
>  /s/ALEX R. SISTLA
>    *Assistant United States Attorney*
>  Georgia Bar No. 845602
>  Alex.Sistla@usdoj.gov

600 U.S. Courthouse 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

---

[4] The government reserves the right to supplement the grounds for admissibility of the evidence in motions *in limine* and at trial.