IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL CASE NO. |
| | ) | 1:22-CR-0359-TWT-JEM |
| TIFFANY BROWN | ) | (Superseding) |

**DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE AT TRIAL**

Defendant TIFFANY BROWN, by and through undersigned counsel, and pursuant to the Due Process Clause of the Fifth Amendment and Rules 402, 403, and 404(b) of the Federal Rules of Evidence, hereby files this motion in limine to exclude certain evidence which she anticipates the government may attempt to offer at her upcoming trial.

## BACKGROUND

The above superseding indictment alleges that Ms. Brown engaged in a scheme to defraud FEMA when she failed to fulfill a contract to provide self-heating meals to the victims of Hurricane Maria in the fall of 2017. The indictment also charges a second scheme involving the alleged manufacturing of a settlement agreement with Total Quality Logistics, LLC ("TQL") for the purpose of obtaining loans from the legal Funding Group of Georgia. LLC ("LFG"). (Doc. 61).

Ms. Brown anticipates the government will introduce evidence that is irrelevant to the charges in this case, and which would prejudice the jury against Ms. Brown. Specifically, this evidence includes testimony regarding the humanitarian impact of Hurricane Maria resulting in dialysis patients having to be flown from Puerto Rico to Florida to receive treatment and a death toll exceeding 3000. Ms. Brown believes that the Court should bar the government from introducing this evidence as it would imperil her right to a fair trial and is irrelevant and/or extremely prejudicial.

## Argument

Ms. Brown anticipates that the government may seek to introduce this prejudicial evidence surrounding the effects of Hurricane Maria during the trial of this case. The Court should preclude any testimony, evidence or reference to the Humanitarian effects of the Hurricane as irrelevant to the charges alleged against Ms. Brown. Fed R. Evid. 402 The government's allegations that Ms. Brown defrauded FEMA by failing to provide a contractual obligation to provide self-heating meals to the victims of Hurricane Maria, did not cause the transfer of dialysis patients to Florida for treatment nor did her actions contribute to the death toll caused by the Hurricane itself. To allow the introduction of this evidence is confusing and misleading to the jury and is only being used as an

inflammatory and emotional appeal to the jury. Additionally, the prejudicial effect of this evidence far outweighs any probative value. Fed R. Evid. 403.

## Conclusion

Attempts by the government to admit the above-described evidence will complicate a straightforward case. Ms. Brown deserves a fair trial and the right to have a jury verdict that is not predicated on evidence that is irrelevant, inflammatory and unfairly prejudicial. If the Court allows this evidence, there is no doubt that Ms. Brown would be unfairly prejudiced by its admission. Thus, Ms. Brown requests that the Court grants this motion to ensure that she is judged only for which she is charged.

Dated: This 2nd day of January 2025.

Respectfully Submitted,

*/s/ Allison C. Dawson*
Allison C. Dawson
Georgia Bar No. 171940

*/s/ Joe Austin*
Joe Austin
Georgia Bar No. 176460

Attorneys for Ms. Brown